JUAN FUENTES LEDUC ET AL., Plaintiffs and Appellants, v. ANTERO APONTE, Defendant and Appellee.

No. 8682. Decided June 5, 1944.

*Antonio Figueroa Rivera* and *Santiago Polanco Abréu* for defendant-appellee, petitioner. *Francisco González* for plaintiff-appellant.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The plaintiffs obtained judgment here in the amount of four hundred dollars, with legal interest from the date of the filing of the complaint and one hundred and twenty-five dollars agreed upon for costs and attorney's fees. Defendant filed two petitions for rehearing. Three days after the denial of the second petition, the mandate was sent by this court to the district court. Two months thereafter defendant filed his notice of appeal, and on the same day he petitioned for the recall of the mandate and for the fixing of a supersedeas bond.

It has been the practice of this court not to send down the mandate until ten days after the rendition of judgment, and in the event a petition for rehearing is denied, not until three days after the entry of the denial.

We are not aware of any statute or rule of court dealing with a situation like the one involved in the instant case, in which the petition for the fixing of the supersedeas bond is filed after the mandate has been sent down.

This court has consistently held that after the mandate has been sent down, its jurisdiction over the case is lost and it lacks power to recall the mandate, except when it was sent down either by fraud or mistake. However, in aid of an appeal this court has the power to recall its mandate, for in so doing it is in no way interfering with or disturbing the judgment appealed from.

The practice in the federal district courts sheds some light upon the proper course to take in the instant case. Rule 62 of the Federal Rules of Civil Procedure provides that, except as stated therein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement, until

the expiration of ten days after its entry. Under such rule, it is our understanding that it is the practice of said courts to issue supersedeas even after ten days from the entry of judgment, provided execution has not yet been had on said judgment. It would be futile for us to fix the supersedeas bond after execution has taken place; but upon proper showing that the judgment has not been executed, we are exactly in the same position as a federal district court when the ten days from the entry of judgment have expired and execution has not taken place.

In the instant case, more than two months have expired since the mandate was sent down, and defendant has not shown that the judgment has not been executed.

Defendant's petition will be denied without prejudice to his right to renew the same upon a showing that the judgment has not as yet been executed.